**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**LINDA WILLIAMS,**

    **Plaintiff,**

v.                                                       **CASE NO: 8:09-CV-152-T-30MAP**

**JEREMIAH'S INTERNATIONAL
TRADING COMPANY INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Jeremiah International's Motion to Dismiss Amended Complaint (Dkt. 11) and Plaintiff's response thereto (Dkt. 15). The Court, having considered the motion, response, memoranda, and being otherwise advised, finds that the motion to dismiss should be denied.

## STANDARD OF REVIEW

When considering a motion to dismiss, courts view the complaint in the light most favorable to the plaintiff, accepting all factual allegations as true. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002); Hunnings v. Texaco, Inc. 29 F.3d 1480, 1483 (11th Cir. 1994). A plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007); see Davis v. Coca-Cola Bottling Co., 516 F.3d 955, 974 (11th Cir. 2008) (stating Eleventh Circuit applies Twombly standard to all claims and that test is "whether 'allegations plausibly suggest ([and are] not merely consistent with)' a violation of the law"). Though this

plausibility threshold is low, the plaintiff has an obligation to provide "more than labels and conclusions" and a "formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 545.  The court should not assess "whether a plaintiff will ultimately prevail but" consider "whether the claimant is entitled to offer evidence to support the claims." Id. at 556 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

## **DISCUSSION**

Plaintiff Linda Williams filed a two-count amended complaint under 42 U.S.C. § 1981 against Defendant Jeremiah's International, alleging that beginning in about November 2007, Defendant "subjected her to repeated instances of racial discrimination and disparate treatment."  In Count I, Plaintiff, an African-American, claims she was discriminated against because of her race by being told not to "talk or laugh" or "yell out catalog numbers" and being denied permission to grant free shipping and handling for a frequent customer, though white employees were not prohibited from doing these things.  In Count II, Plaintiff claims she was fired in retaliation for complaining to her manager about this disparate treatment. Defendant moves to dismiss Count I of the amended complaint for failure to state a claim, arguing that Plaintiff's claim is insufficient because the amended complaint's allegations, taken as true, do not show the Plaintiff suffered an "adverse employment action."

The essential elements of a Section 1981 employment discrimination claim are the same as a Title VII employment discrimination claim. See Bass v. Bd. of County Comm'rs, 256 F. 3d 1095, 1109 (11th Cir. 2001) (noting that elements of race discrimination claim under Section 1981 are the same as Title VII disparate treatment claim in employment

context); McNeal v. Tarrant, 2009 WL 1132348, Case No. 08-14250 (11th Cir. April 28, 2009) (noting Section 1981 has the "same requirements of proof and uses the same analytical framework as Title VII").  In the absence of direct evidence of racial discrimination, a plaintiff would assert a prima facie case of racial discrimination by alleging the elements of the McDonnell Douglas framework, i.e. that: "(1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees who are not members of the plaintiff's class more favorably; and (4) she was qualified for the job or job benefit at issue." Rice-Lamar v. City of Fort Lauderdale, 232 F.3d 836, 842-843 (11th Cir. 2000).

However, the McDonnell Douglas framework is an evidentiary standard, not a pleading requirement. See Swierkiewicz v. Sorema, N.A. 534 U.S. 506, 514 (2002); Twombly, 550 U.S. at 569-570 (noting that the Court's holding does not run counter to Swierkiewicz, which held that "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination").  Thus, "a Title VII complaint need not allege facts sufficient to make out a classic McDonnell Douglas prima facie case," but must "provide 'enough factual matter (taken as true) to *suggest*' intentional race discrimination." Davis v. Coca-Cola Bottling Co., 516 F.3d 955, 974 (11th Cir. 2008) (emphasis added) (dismissing some of plaintiffs' claims where plaintiffs presented no facts to support complaint's statement that plaintiffs were denied promotions and treated differently because of race).

The district court cases upon which Defendant relies in its Motion to Dismiss discuss the viability of racial discrimination claims at the summary judgment stage, rather than the

motion to dismiss stage. See Hysten v. Burlington N. V. Santa Fe, 167 F. Supp. 2d 1239 (D. Kan. 2001) (granting defendant's motion for summary judgment); Penn v. The Aerospace Corporation, 2009 WL 585839, Case No. 1:08-cv-630 (E.D. Va. Mar. 6, 2009) (granting defendant's motion for summary judgment because plaintiff failed to demonstrate similar employees outside protected class were treated differently).

Count I of the amended complaint is weak in that no adverse job action has been pled. Paragraph 24 makes it clear that Plaintiff claims her discharge was a result of retaliation, not discrimination. But, at the motion to dismiss stage, the amended complaint contains sufficient allegations to suggest intentional race discrimination. Taken as true, the allegations show a pattern by management of disciplining black employees, including Plaintiff, for behavior for which white employees were not disciplined. The allegations state that Plaintiff was terminated for reporting this behavior. Furthermore, the amended complaint lists specific dates and facts. See Davis v. Coca-Cola, 516 F. 3d at 974 (noting purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests," citing Twombly).

It is therefore ORDERED and ADJUDGED that Defendant Jeremiah International's Motion to Dismiss (Dkt. 11) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on June 5, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-152.mtdismiss-REVISED.wpd